UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

CHARLES W. PIKE,

    Plaintiff,

v.                                                      Case No. 5:12-cv-146-Oc-99TJC-T

TRINITY INDUSTRIES, INC., a Delaware
corporation and TRINITY HIGHWAY
PRODUCTS, LLC a Delaware limited liability
company,

    Defendants.
_____/

## CORRECTED ORDER

Pending before the Court is Defendant, Trinity Highway Products, LLC's Motion to Quash Subpoenas Dated April 23, 2012 or Alternatively, Motion for Protective Order and Incorporated Memorandum of Law. (Doc. 16). Plaintiff has filed a written response in opposition to the motion. (Doc. 22). The Court enters this Corrected Order to correct scrivener's errors in its Order on the motion entered yesterday. (Doc. 28).

This is a products liability action in which Plaintiff says he was badly injured when a defective guardrail system allegedly designed, manufactured and/or sold by Defendant, Trinity Highway Products, LLC ("Trinity") impaled him during a motor vehicle accident. (Doc. 1). Trinity denies liability. (Doc. 7).

Plaintiff served a Notice of Intent to Subpoena Production from Non-Party Pursuant to Rule 45. (Doc. 16). Attached to the notice are copies of subpoenas directed to the records custodians for Road Systems, Inc. in Stow, Ohio, the Federal

Highway Administration in Washington, D.C., and Texas Transportation Institute in College Station, Texas.  The notice includes a fourth subpoena for documents in the possession of Roger Bligh, Ph.D., P.E. in College Station, Texas.  (Id.)  Trinity objects to the subpoenas and asks this Court to quash them or alternatively, that this Court issue a protective order that the discovery not be had.  (Doc. 16).

"A party ordinarily does not have standing to quash a subpoena served on a third party unless a personal right or privilege as to the documents being sought is asserted."  Nathai v. Fla. Detroit Diesel-Allison, Inc., 2009 WL 2424570 at *2 (M.D. Fla.).  Trinity contends that the documents Plaintiff is seeking from Dr. Bligh and the Texas Transportation Institute may contain its confidential commercial information, trade secrets and information that is attorney-client privileged.  (Doc. 16).  Thus, Trinity has alleged a personal right or privilege in at least some of the information requested in the subpoenas to those non-parties.  (Doc. 16).  Trinity has not demonstrated standing to move the Court to quash the subpoenas directed to the records custodians for Road Systems, Inc. and the Federal Highway Administration.

Under Fed. R.  Civ. P. 45(a)(2), a subpoena solely for the production and inspection of documents must issue "from the court for the district where the production or inspection is to be made."  Courts interpret this language principally to mean the location of the documents to be produced rather than the location specified in the subpoena.  Managed Care Solutions, Inc. v. Essent Healthcare, Inc., 2010 WL 3419420 at *2 (S.D. Fla. 2010); and Morris v. Sequa Corp., 275 F.R.D. 562, 566 (N.D. Ala. 2011).  Plaintiff is attempting to subpoena documents from records custodians in

Ohio, Texas and Washington, D.C. There is no evidence in the record concerning the location of the documents Plaintiff seeks other than the subpoenas themselves which reflect that the custodians of the records are in other states. Based upon this limited information it appears that the subpoenas issued out of this Court are improper and should be quashed. Gutescu v. Carey Int'l. Inc., 2003 WL 25589034 at *2 (S.D. Fla.); Ariel v. Jones, 693 F.2d 1058, 1059-61 (11th Cir. 1982); and Natural Gas Pipeline Co. of America v. Engergy Gathering, Inc., 2 F.3d 1397, 1406 (5th Cir. 1993).

Plaintiff says after Trinity objected he caused subpoenas to be properly issued out of the district court having jurisdiction over Dr. Bligh and the Texas Transportation Institute. (Doc. 22). Only the Court that issues a subpoena can quash or modify it. Morris. Therefore, Trinity's objections to those subpoenas should be addressed to the district court for the district from which they were issued.

Except in three limited circumstances the Court should award reasonable expenses including attorneys' fees in connection with a motion for protective order. Fed. R. Civ. P. 37(a)(5). Here, the parties did not request an award and both sides erred in this discovery dispute. Accordingly, the Court finds an award of expenses to either party would be unjust.

Now, it is adjudged that:

1. Trinity's motion to quash the subpoenas is DENIED.

2. Trinity's motion for a protective order is DENIED.

3. The Court sua sponte QUASHES all four subpoenas because, under Fed. R. Civ. P. 45(a)(2) they were improperly issued out of the Middle District of Florida.

4. Each party shall bear its own legal expenses including attorneys' fees and costs associated with Trinity's motion.

IT IS SO ORDERED.

DONE AND ORDERED in Ocala, Florida, on June 8, 2012.

_____
THOMAS B. SMITH
United States Magistrate Judge

Copies to all Counsel