**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

**CHARLES W. PIKE,**

  **Plaintiff,**

**v.**                                                                    **Case No: 5:12-cv-146-Oc-UATCPRL**


**TRINITY INDUSTRIES, INC. and**
**TRINITY HIGHWAY PRODUCTS,**
**LLC**

  **Defendants.**

---

## ORDER

This case is before the Court for consideration of Plaintiff's Motion to Overrule Defendant's Objections to Expert Discovery Requests dated July 11, 2013 (Doc. 114) and Plaintiff's Motion to Overrule Defendant's Objections to Expert Discovery Depositions of Defense Witnesses (Doc. 115).

Plaintiff first moves the Court for an order compelling Defendant Trinity Highway Products to respond to Plaintiff's Request for Production dated July 11, 2013. Plaintiff's discovery request pertains to documents referenced in Defendant's expert disclosures, filed on July 1, 2013. Plaintiff seeks to obtain copies of various documents referenced in Defense expert reports, identified as Request No. 1 (a) – (g) in Plaintiff's Request for Production (Ex. 1 to Doc. 114). The documents at issue were referenced in the reports of Defense experts Ray, Melcher, and Welch. (Doc. 114 at 2). Plaintiff argues that he was diligent in requesting the documents, as the requests were made within 10 days of receiving Defendant's discovery disclosure. Consequently, Plaintiff moves the Court for an order compelling the documents despite the fact

that the requests were not served until July 11, 2013, rendering them due past the discovery deadline of July 25, 2013.

In response, Defendant (Doc. 120) cites Plaintiff's prior requests to extend discovery deadlines in this case (Docs. 82 and 99), and contends that Plaintiff is not entitled to the documents because they should have been served in strict compliance with the Case Management Order.

Plaintiff also moves (Doc. 115) for an order compelling Defendant to produce for deposition experts Dennis Payne and Jane Welch, Ph.D. On July 1, 2013, Defendant filed its expert reports and identified Mr. Payne and Dr. Welch as two of eight retained Defense experts. Plaintiff states that the only defense experts he seeks to depose are Mr. Payne and Dr. Welch. On July 9, 2013, Plaintiff sought deposition dates for both experts. Defendant responded by providing dates that were in August and after the discovery deadline. Plaintiff accommodated the Defendant's provided dates and noticed the depositions for August 15 and August 21, 2013, respectively. On July 25, 2013, however, Defendant objected to the taking of the depositions as beyond the July 25, 2013 discovery deadline.

In response to Plaintiff's Motion, Defendant contends that Plaintiff should be bound by the discovery deadline, stating that Plaintiff waited until two weeks prior to the close of discovery to request dates for Defendant's expert deadlines. Defendant contends there were no mutually convenient dates available at that time. (Doc. 121).

Accordingly, upon due consideration, it is ordered that:

(1) Plaintiff's Motion to Overrule Defendant's Objections to Expert Discovery Requests (Doc. 114) is GRANTED. Defendant shall produce the documents identified as

Request No. 1 (a) – (g) in Plaintiff's Request for Production (Ex. 1 to Doc. 114) on or before August 29, 2013; and

(2) Plaintiff's Motion to Overrule Defendants' Objections to Expert Discovery Depositions of Defense Experts (Doc. 115) is GRANTED.    The Defendant is directed to produce experts Dennis Payne and Jane Welch, Ph.D. for deposition on or before September 30, 2013.  The deposition of Dr. Welch, previously set for August 21, 2013, may be rescheduled provided that it is completed by the September 30, 2013 deadline.

**DONE** and **ORDERED** in Ocala, Florida on August 19, 2013.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties