## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## OCALA DIVISION

**CHARLES W. PIKE,**

      **Plaintiff,**

**v.**                                                          **Case No: 5:12-cv-146-Oc-UATCPRL**

**TRINITY INDUSTRIES, INC. and**
**TRINITY HIGHWAY PRODUCTS,**
**LLC**

      **Defendants.**

_____

## ORDER

This case comes before the Court for consideration of Defendants, Trinity Industries, Inc. and Trinity Highway Products, LLC's Motion to Strike Plaintiff's Supplemental Rule 26 Disclosures (Doc. 122), to which Plaintiff has responded (Doc. 127).

## I.  BACKGROUND

In this case, Plaintiff brings suit against Defendants under theories of product liability arising from Defendants' design and manufacture of guardrails sold for roadway and highway safety. (Doc. 1). Pursuant to the Court's Case Management and Scheduling Order (Doc. 24), the original discovery deadline was May 20, 2013, and trial was set for the term commencing October 7, 2013. In April 2013, the discovery deadlines were extended by the Court. (Doc. 99). Plaintiff's disclosures of expert reports were due June 3, 2013, Defendants' disclosures of expert reports were due July 1, 2013, the discovery deadline was set for July 25, 2013, and trial was scheduled for the term commencing January 6, 2014. (Doc. 99). On September 9, 2013, the Court entered an Amended Case Management and Scheduling Order (Doc. 128) extending the

deadline for dispositive motions and setting the case for trial during the term commencing April 7, 2014.

## II,      DISCUSSION

In their motion, Defendants request that the Court strike Plaintiff's Supplemental Rule 26 Disclosures that were served on August 2, 2013.  (Doc. 117).  The disclosures at issue consist of 230 photographs of "mismatched guardrails from around the country."   (Doc. 122, page 4). Defendants complain that the photographs should be stricken because they were disclosed after the Defendants' expert deadline and the discovery cutoff.   Defendants contend that these photographs are irrelevant, cannot be authenticated, and that there is no justification for Plaintiff's not disclosing them sooner.   Defendants contend that they would be prejudiced if Plaintiff is permitted to use these photographs because it will require their experts to reevaluate the evidence.

In response, Plaintiff states that he disclosed the photographs on August 2, 2013, soon after receiving them on July 18, 2013.  (Doc. 127, ¶ 6).  Plaintiff argues that the photographs were disclosed in accordance with his duty to supplement under Rule 26(e)(1)(A) of the Federal Rules of Civil Procedure.  Plaintiff also notes that he provided the photographs several months in advance of the deadline for pretrial disclosures under Rule 26(a)(3)(B), which provides that "disclosures must be made at least 30 days before trial."   Plaintiff claims that serving his supplemental disclosure eight (8) days after the discovery deadline has not resulted in any harm to Defendants.  Plaintiff also notes that the disclosure was made before the upcoming depositions of Defendants' warnings expert Jane Welch, Ph.D, and Plaintiff's warnings expert, William Kitzes.

As an initial matter, the Court notes that Defendants' motion lacks a certification pursuant to Local Rule 3.01(g).  Local Rule 3.01(g) requires a party, before filing any motion in a civil case (with certain exceptions inapplicable here), to confer with counsel for the opposing party in a good faith effort to resolve the issues raised by the motion.  This failure alone is a sufficient basis to deny Defendants' motion.

To the extent that Plaintiff's disclosure was beyond discovery deadlines, the Court finds that Plaintiff's actions were substantially justified or harmless.  *See Murdick v Cantalina Marketing Corp.,* 496 F.Supp.2d 1337, 1345 (M.D. Fla 2007).  Indeed, the disclosures were made soon after received by Plaintiff, in advance of key expert depositions, and months in advance of trial.  While the admissibility of photographs at trial is another matter entirely, Plaintiff's expert disclosures are not due to be stricken on the basis of untimeliness at this stage in the proceedings.

The Court further notes, however, that Plaintiff has actually filed his Rule 26(a)(1) Supplemental Disclosures (Doc. 117) and Second Supplemental Rule 26(a)(1) Disclosures (Doc. 119) with the Court.  This practice is contrary to Local Rule 3.03.  Such disclosures may not be filed with the Court as a matter of course, as Plaintiff has done here.  Rather, under Local Rule 3.03(d), they may only be filed later as necessary to the presentation of a motion or other proceeding.  Accordingly, the disclosures (Docs. 117 and 119) should be stricken from the Court's docket.

## III.   CONCLUSION

For the reasons stated above, Plaintiff's Supplemental Disclosures (Docs. 117 and 119) shall be STRICKEN from the Court's docket in accordance with Local Rule 3.03.  Defendant's Motion to Strike Plaintiff's Supplemental Rule 26 Disclosures (Doc. 122) is otherwise DENIED.

**DONE** and **ORDERED** in Ocala, Florida on October 9, 2013.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties